# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **INTEGRITY COAL SALES, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:13CV00043 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **C & B COAL, LLC, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Steven R. Minor, Elliott Lawson & Minor, Bristol, Virginia, for Plaintiff; Dan Bieger, Dan Bieger, PLC, Bristol, Tennessee, for Defendants.*

In this civil diversity case, the plaintiff, Integrity Coal Sales, Inc. ("Integrity") sues to recover advance payments for the purchase of coal that it paid to defendant C & B Coal Company, LLC ("C & B"). It asserts that C & B's parent company, codefendant Cobalt Coal, LLC ("Cobalt"), is also liable for a portion of the payments. In advance of trial Integrity has filed a Motion for Summary Judgment as to both defendants, which motion has been briefed and argued and is ripe for decision.

I

The basic facts are not in dispute. In 2011, Integrity and C & B contracted for the purchase by Integrity of metallurgical coal produced by C & B. In accord

with the agreement, Integrity made advance payments to C & B totaling $193,000. In return, C & B delivered two shipments of coal, but has been unable to deliver any more coal, leaving a balance of the advances of $98,572.96. The last advance was made on August 11, 2011.

By written agreement dated February 12, 2012, Cobalt acquired C & B. In the contract, Cobalt agreed to assume the debts of C & B "as itemized in Exhibit A attached and incorporated hereto by reference." (Mot. Summ. J., Ex. 3, ¶ 2(d)(ii).) Exhibit A listed an account payable to Integrity Coal in the amount of $86,633, along with other accounts payable.

In opposition to summary judgment, C & B and Cobalt have filed an affidavit of Al Kroontje, an agent of Cobalt, who states that "Ronald Collins, acting as Managing Member of C&B Coal, LLC, represented to me that 'you need to pay all of the other bills but you can simply pay Integrity out of coal sales pursuant to my agreement with Greg Licata of Integrity Coal Sales.'" (Kroontje Aff. ¶ 3, Nov. 14, 2013.) In addition, the defendants have filed a affidavit of Michael Crowder, now Managing Member of C&B Coal, LLC, who states that C & B "expect[s] to be producing coal by the deep mining method within 6 months." (Crowder Aff. ¶ 3, Jan. 3, 2014.)

In opposing summary judgment, the defendants argue that, even though Cobalt is liable under its contract to assume C & B's debt to Integrity,[1] it has not been shown that the debt is due, since according to its evidence, C & B could pay Integrity out of future coal sales, which will be made once C & B resumes production. In response, Integrity asserts that because Exhibit A to the agreement between C & B and Cobalt is entitled "Accounts Payable," that is an admission that C & B's debt was due upon demand. Alternatively, Integrity argues that absence a specific time provision, the delivery of the coal purchased was due within a reasonable time, Va. Code Ann. § 8.2-309(1) (2001), and that the passage of two years from the last advance cannot be so characterized.

II

Integrity clearly has the burden of proof to show that the debt sued upon was due. "'As is well established, in a summary judgment proceeding the party against whom the burden of proof falls at trial faces a challenge more difficult than otherwise.'" *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir. 2006) (quoting *Alan's of Atlanta, Inc. v. Minolta Corp.,* 903 F.2d 1414, 1425 (11th Cir. 1990)). While I have some skepticism that the agreement between Integrity

---

[1] Integrity is certainly a third-party beneficiary to the agreement between C & B and Cobalt. *See* Va. Code Ann. § 55-22 (2012); *Swain v. Va. Bank & Trust Co.*, 144 S.E. 645, 649 (1928); *Smokeless Fuel Co. v. C&O Ry.*, 128 S.E. 624, 627 (1925).

and C & B allowed C & B to delay repayment of Integrity's advances until it decided that it could mine coal profitably, I do not believe that the undisputed evidence before me allows me to grant judgment at this stage to the plaintiff. Absent more facts as to the understanding between Integrity and C & B as to when payment of the advances was due, or evidence as to the usual practice between the parties or in the industry, I cannot at this point find the defendants liable.

Accordingly, it is **ORDERED** that the Motion for Summary Judgment (ECF No. 15) is DENIED.

ENTER: February 14, 2014

/s/ James P. Jones
United States District Judge